UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ROY M. RASH,

        Plaintiff,                                    Civil No. 05-6105-HA

            v.                                        ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

_____

HAGGERTY, Chief Judge:

      Plaintiff brings this action pursuant to § 205(g) of the Social Security Act (SSA), as amended, 42 U.S.C. §§ 405(g), 1383(c)(3). He seeks judicial review of a decision of the

Commissioner of the Social Security Administration denying his request for a hearing to reconsider the Commissioner's denial of his application for disability insurance benefits (DIB).

The Commissioner moves to dismiss on grounds that this court lacks jurisdiction because plaintiff failed to complete the administrative review process that is required before judicial review is permissible. For the reasons provided below, the court concludes that the Commissioner's Motion to Dismiss for Lack of Jurisdiction [8] is denied, but that the record fails to support plaintiff's colorable claims asserting due process deprivations. The Commissioner's decision refusing to reopen plaintiff's 2002 application for DIB is based on correct legal standards and is supported by substantial evidence in the record.

ADMINISTRATIVE HISTORY

For the purposes of this litigation, this court need only review the reconsideration process undertaken after plaintiff's DIB claim was denied initially in early 2002. It is undisputed that plaintiff retained counsel in May 2002, shortly after this initial denial. With counsel's assistance, plaintiff filed a Request for Reconsideration regarding the claim denial.

As part of his agreement to represent plaintiff, counsel advised plaintiff that "copies of all notices by Social Security will also be sent to me." Ex. C to Pl.'s Resp. to Df.'s Mo. to Dismiss (May 9, 2002 letter from counsel to plaintiff). A Notice of Reconsideration was issued by Commissioner dated November 13, 2002. This Notice upheld plaintiff's initial denial, and advised plaintiff that he could request a hearing before an Administrative Law Judge (ALJ) within sixty days upon receipt of the Notice. An examination of that Notice itself fails to confirm whether a copy was sent to plaintiff's counsel. *See* Ex. 1 to the Declaration of Paul D. Gould filed in support of Defendant's Motion to Dismiss (hereinafter the Gould Declar.).

Pursuant to 42 U.S.C. § 405(g), any individual, after a final decision of the Commissioner made after a hearing to which he or she was a party, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to the claimant of notice of the decision or within such further time as the Commissioner may allow. It is undisputed that no hearing request was made by either plaintiff or his counsel within the mandated sixty days following the Notice of Reconsideration.

Instead, on June 10, 2003, nearly seven months after the Notice issued, plaintiff contacted the Social Security Administration and initiated a new application for DIB. This new application was filed on July 24, 2003. *See* Ex. 3 of the Gould Declar.

On September 19, 2003, counsel for plaintiff filed a request for a hearing regarding the Notice of Reconsideration that was issued on November 13, 2002. Counsel asserted that he had never received a copy of the Notice, and that the hearing request was made within sixty days of counsel's actual notice. Counsel claimed he first obtained actual notice of the Reconsideration decision when he contacted a local Social Security office on September 18, 2003. Ex. B to Pl.'s Resp. to Df.'s Mo. to Dismiss (affidavit of plaintiff's counsel).

The Commissioner, through ALJ James M. Caulfield, dismissed plaintiff's request for a hearing on October 24, 2003, concluding that no good cause was shown for extending the time for filing a request for a hearing. *See* Ex. 3 of the Gould Declar. Plaintiff sought a review of this decision before the Social Security Appeals Council on October 30, 2003. *See* Ex. 4 of the Gould Declar. Fifteen months later, the Appeals Council denied review by issuing a Notice of Appeals Council Action on February 18, 2005. Plaintiff's Complaint seeking judicial review of these decisions was filed on April 15, 2005.

ANALYSIS

Defendant argues that this court lacks jurisdiction because there has been no "final decision" by the Commissioner and plaintiff has failed to exhaust his administrative remedies. Df.'s Mem. In Support of Mo. to Dismiss at 2. Plaintiff does face jurisdictional hurdles, but not precisely because he failed to exhaust administrative remedies.

Plaintiff's September 2003 "Request For a Hearing" (Ex. 2 to the Gould Declaration) amounts to a petition for the Commissioner to reopen plaintiff's denied 2002 application for DIB. Pursuant to 20 C.F.R. § 416.1487, a claimant who is "dissatisfied with a determination or decision made in the administrative review process, but do[es] not request further review within the stated time period . . . lose[s] [his or her] right to further review and that determination or decision becomes final." The ALJ's findings denying plaintiff's Request for a Hearing on grounds that plaintiff and his counsel received the November 2002 Notice of Reconsideration and failed to make a timely request for a hearing (Ex. 3 to the Gould Declaration), and the Appeal Council's subsequent denial of plaintiff's request for review of this decision (Ex. 5 to the Gould Declaration) constitutes a decision by the Commissioner not to reopen her prior determination.

It is well settled that a district court lacks jurisdiction to review the Commissioner's decision not to reopen a prior determination. *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997) (a decision not to reopen a prior, final benefits decision is discretionary and not a final decision and therefore not subject to judicial review) (citing *Califano v. Sanders*, 430 U.S. 99, 107-09, (1977)). In *Sanders*, the Supreme Court construed 42 U.S.C. § 405(g) as limiting "judicial review to a particular type of agency action, a 'final decision of the [Commissioner]

made after a hearing.'" *Id*. at 108. The petitioner in *Sanders* sought review of the Commissioner's decision not to reopen a previously denied application for disability payments. Because a petition to reopen a prior final decision could be denied without a hearing, the Court held that the language of section 205(g) precluded judicial review of the Secretary's decision. *Id*.; *see also Davis v. Schweiker*, 665 F.2d 934 (9th Cir. 1982) (*Sanders* precludes review of claims that, because they were barred by *res judicata*, could be denied without a hearing).[1]

However, the Court in *Sanders* recognized a limited exception to this jurisdictional bar: "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Sanders*, 430 U.S. at 109; *see also Evans*, 110 F.3d at 1482 (a colorable constitutional claim that did not relate to the manner or means of a decision not to reopen was subject to judicial review) (citing *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990)); *see also Penner v. Schweiker*, 701 F.2d 256, 260-61 (3d Cir. 1983) (interpreting *Sanders* as holding that judicial review is proper when the Commissioner's decision to deny or discontinue Social Security benefits "is challenged on constitutional grounds notwithstanding the absence of a prior administrative hearing.").

In *Penner*, a mentally ill claimant asserted that his request for an ALJ hearing was untimely because the agency notice for which the hearing was sought was sent only to him and not to his attorney. The Third Circuit deemed this to be a colorable constitutional claim and

---

[1] As in *Evans*, the issue of whether the absence of a hearing impacts the jurisdictional analysis is avoided here ultimately because – as in *Evans* – "the nature of the constitutional claim raised subjects the Commissioner's decision to judicial review, whether it was made after or without a hearing." *Evans*, 110 F.3d at 1482, n.1.

5 -- ORDER

reversed the district court's order of dismissal for lack of jurisdiction. The case was remanded with instructions to the Commissioner "to make a determination, after considering such evidence as may be presented, whether mental incapacity prevented [claimant] from understanding and pursuing his administrative remedies. Once such a determination is made the district court will have a sufficient record upon which to decide what relief, if any, is consonant with due process and the Secretary's regulatory scheme." *Penner*, 701 F.3d at 261.

There are some similarities between *Penner* and the case at bar. In this case, plaintiff states plainly that he "challenges the agency's decision on constitutional grounds based upon lack of procedural due process for this mentally ill claimant." Pl.'s Resp. to Df.'s Mo. to Dismiss at 1. Plaintiff's counsel asserts that despite fully apprising the agency of his role as plaintiff's representative, the Commissioner's Notice of Reconsideration was never received by counsel. While counsel is silent as to whether plaintiff himself received the Notice, he provides documentation, attached as Exhibit D to his Response, suggesting that plaintiff was hospitalized three times in 2002, and diagnosed in December 2002 as suffering from alcohol dependence, alcohol withdrawal, major depression, and a Global Assessment of Functioning score of 40.

This court concludes that plaintiff presents colorable constitutional claims for which this court has jurisdiction. These claims allege that the Commissioner deprived plaintiff of due process by failing to provide his counsel with the Notice of Reconsideration and by failing to adequately determine whether good cause existed for extending plaintiff's time to request review because of his impairments.

Plaintiff's first claim – that he was deprived of due process because the Commissioner failed to provide plaintiff's counsel with the Notice of Reconsideration – is without merit. As

noted above, the Commissioner has promulgated regulations that provide a claimant with sixty days from the date of receiving a notice of denial of benefits in which to challenge the decision. These regulations also establish a rebuttable presumption that receipt of the denial notice occurs five days after the issuance date of the notice. *See Pettway ex rel. Pettway v. Barnhart*, 233 F. Supp.2d 1354, 1355, (S.D. Ala. 2002) (quoting 20 C.F.R. § 422.210(c) and §§ 404.901, 404.981, 416.1401, 416.1481).

A plaintiff hoping to rebut this presumption of receipt occurring within five days after the date of the notice must make "a reasonable showing to the contrary." *Id*. at 1356 (quoting 20 C.F.R. § 422.910(c)). The decision in *Pettway* went on to recognize that "[c]ourts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing' sufficient to rebut the regulatory presumption." *Id*.; *see also Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (plaintiff's "sworn word that he did not receive th[e] notice is not sufficient, by itself, to rebut the statutory presumption"); *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987) (affidavits submitted by claimant and claimant's attorney were insufficient to rebut the statutory presumption); *Leslie v. Bowen*, 695 F. Supp. 504, 506 (D. Kan. 1988) (same); *Rouse v. Harris*, 482 F. Supp. 766, 768-69 (D.N.J. 1980)(the "mere assertion" of non-receipt "cannot provide a substitute for a more concrete showing").

Here, plaintiff offers nothing more than counsel's repeated assertions that he failed to receive the Commissioner's Notice. Even if this were sufficient to rebut the presumption of receipt, the Commissioner's findings that the fact that plaintiff embarked upon a *new* application for DIB in June 2003, filed more than eight months after the Commissioner issued the Notice of

7 -- ORDER

Reconsideration, was "highly probative of a finding that the claimant knew his reconsideration had been denied and that he was seriously out of rule with filing an appeal" is persuasive. Such findings are supported by substantive evidence and are adopted by this court.

Plaintiff's second colorable claim alleges that the Commissioner deprived plaintiff of due process by failing to adequately determine whether good cause existed for extending plaintiff's time to request review because of his impairments. This claim is based upon Social Security Ruling (SSR) 91-5p, which provides that if a claimant presents evidence that mental incapacity prevented him or her from requesting timely review of an administrative action, the agency will be, under certain circumstances, compelled to determine whether good cause exists for extending the time allowed for requesting review.

Plaintiff never presented such evidence to the Commissioner. Assuming *arguendo* that presenting such evidence now should not be precluded as untimely, this court has reviewed the evidence and the Record as a whole and concludes that SSR 91-5p is inapplicable and that no due process violation occurred.

One of the requisite circumstances for applying SSR 91-5p is the absence of anyone who is legally responsible for prosecuting the claim on the claimant's behalf at the time of the prior adverse action. SSR 91-5p; *see also Udd v. Massanari*, 245 F.3d 1096, 1099-1100 (9th Cir. 2001). As established by plaintiff's own submissions and arguments, he retained counsel in May 2002, and this counsel has remained plaintiff's representative since that date. Counsel's assertion that his claims of failing to receive the Commissioner's Notice should strip him of his legal responsibility to represent plaintiff is rejected. There is no dispute that counsel represented

plaintiff in November 2002, the time of the prior adverse action taken against plaintiff's first DIB application.

Even if counsel's unsupported allegations of failing to receive the Commissioner's Notice could somehow serve as grounds for construing plaintiff as unrepresented at the time of the prior adverse action, this court concludes that SSR 91-5p would be inapplicable under the facts presented. In making a determination under SSR 91-5p, the following four factors regarding the claimant must be considered: (1) an inability to read or write; (2) a lack of familiarity with the English language; (3) a limited education; and (4) any mental or physical condition which limits the claimant's ability to do things for claimant's self. SSR 91-5p. If the claimant is shown to have lacked the mental capacity to understand the procedures for requesting review, time limits are tolled "regardless of how much time has passed since the prior administrative action." *Id*.

Plaintiff presents argument and evidence pertaining only to the fourth factor of the Ruling, the possible existence of a mental or physical condition that limits the claimant's ability to do things for himself. Plaintiff was hospitalized once during the allowable period for filing a request for a hearing following the Commissioner's Notice of Reconsideration. Ex. D to Pl.'s Resp. He was intoxicated with suicidal thoughts at the time of admission, but was alert and oriented with his judgment intact. *Id*. Upon discharge one week later, plaintiff was described as alert, oriented, with his mood stable and his thought "reality based." *Id*. His judgment was intact and he was competent. *Id*. This discharge occurred almost a full month before his time for filing a request for a hearing expired. Plaintiff's invocation of SSR 91-5p is therefore

inapplicable, and fails to warrant any remand for further "good cause" determinations, or to otherwise establish any due process deprivation.

CONCLUSION

For the foregoing reasons, this court concludes that the Commissioner's Motion to Dismiss for Lack of Jurisdiction [8] is denied, but that the record fails to support plaintiff's claims of due process deprivations. The Commissioner's decision refusing to reopen plaintiff's 2002 application for DIB is based on correct legal standards and is supported by substantial evidence in the record. This matter is DISMISSED.

IT IS SO ORDERED.

DATED this ___20__ day of January, 2006.

                              _____/s/Ancer L.Haggerty_____
                                       Ancer L. Haggerty
                                  United States District Judge